UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SORAYA MARIA RIGOR, | Case No. 2:23-cv-0774-DC-JDP (PS) |
| Plaintiff, | |
| v. | ORDER |
| DALE CARLSEN, *et al.*, | |
| Defendants. | |

Plaintiff brings this action against defendants Dale Carlsen, Robert Nelsen, Frank Bisek, and Jyoti Das, all employees of California State University, Sacramento. The complaint is too vague to raise a cognizable claim against any defendant and is non-compliant with Rule 8 of the Federal Rules of Civil Procedure. I will therefore dismiss the complaint with leave to amend. I will also grant plaintiff's application to proceed *in forma pauperis*, ECF No. 2, which makes the showing required by 28 U.S.C. §§ 1915(a)(1) and (2).

**Screening and Pleading Requirements**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

1    A complaint must contain a short and plain statement that plaintiff is entitled to relief,
2    Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its
3    face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not
4    require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S.
5    662, 678 (2009). If the allegations "do not permit the court to infer more than the mere
6    possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not
7    identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,
8    1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that
9    give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264
10   n.2 (9th Cir. 2006) (en banc) (citations omitted).

11   The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404
12   U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it
13   appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which
14   would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).
15   However, "'a liberal interpretation of a civil rights complaint may not supply essential elements
16   of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,
17   1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

19   Plaintiff alleges that defendants have violated her constitutional rights, infringed her
20   copyrights, and discriminated against her under Title VII of the Civil Rights Act. ECF No. 1 at 4,
21   8. The specifics of plaintiff's claims are difficult to grasp. She states that this action "is a
22   personal injury case involving misuse of position of power to gain ownership of student['s]
23   intellectual property." *Id.* at 5. She further states that her claims are "rooted in racism and
24   systemic infringement[,] leading to a toxic environment for university students." *Id.* at 6.

25   These allegations are too vague and conclusory to provide defendants with adequate
26   notice of the factual basis for each of plaintiff's claims. Although plaintiff generally claims that
27   her rights were violated, she does not provide any specific factual allegations in support of that
28   conclusion. Critically, the complaint contains no allegations supporting her contention that

2

defendants violated her rights. Indeed, the complaint contains essentially no allegations concerning the four named defendants. Although pro se pleadings are liberally construed, plaintiff must still identify each of the defendant's actions that support her claims. *See Jones v. Cmty. Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984) ("The plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support the plaintiff's claim."). The complaint does not, as Rule 8 requires, put any defendant on notice of the specific claims against them.

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion to proceed *in forma pauperis*, ECF No. 2, is GRANTED.

2. Plaintiff's complaint, ECF No. 1, is DISMISSED with leave to amend.

3. Within thirty days from service of this order, plaintiff shall file either (1) an amended complaint or (2) notice of voluntary dismissal of this action without prejudice.

4. Failure to timely file either an amended complaint or notice of voluntary dismissal may result in the imposition of sanctions, including a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

5. The Clerk of Court shall send plaintiff a complaint form with this order.

IT IS SO ORDERED.

Dated:   April 28, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

3