1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                         FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    SORAYA MARIA RIGOR,                         Case No.  2:23-cv-0774-DC-JDP (PS)

12                    Plaintiff,

13          v.                                     FINDINGS AND RECOMMENDATIONS

14    DALE CARLSEN, *et al.*,

15                    Defendants.

16

17          On April 28, 2025, I screened plaintiff's complaint and dismissed it for failure to state a

18    claim. ECF 6.  I ordered plaintiff to file, within thirty days, either an amended complaint or a

19    notice of voluntary dismissal of this action.  *Id.*  I also warned plaintiff that failure to comply with

20    that order could result in a recommendation that this action be dismissed.  *Id.* at 3.  Plaintiff has

21    not complied with the April 28, 2025 order, and the time to do so has passed.[1]

22          The court has the inherent power to control its docket and may, in the exercise of that

23    power, impose sanctions where appropriate, including dismissal.  *Bautista v. Los Angeles Cnty.*,

24    216 F.3d 837, 841 (9th Cir. 2000); *see* Local Rule 110 ("Failure of counsel or of a party to

25    comply with these Rules or with any order of the Court may be grounds for imposition by the

26

27          [1] Although it appears from the file that plaintiff's copy of the April 28, 2025 order was
      returned, plaintiff was properly served.  Pursuant to Local Rule 182(f), service of documents at
28    the record address of the party is fully effective.

                                                    1

1  Court of any and all sanctions . . . within the inherent power of the Court.").

2        A court may dismiss an action based on a party's failure to prosecute an action, failure to

3  obey a court order, or failure to comply with local rules.  *See Ghazali v. Moran*, 46 F.3d 52, 53-54

4  (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258,

5  1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order to file an amended

6  complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to

7  comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v.*

8  *U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court

9  order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of

10  prosecution and failure to comply with local rules).

11        In recommending that this action be dismissed for failure to comply with court orders, I

12  have considered "(1) the public's interest in expeditious resolution of litigation; (2) the court's

13  need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy

14  favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives."

15  *Ferdik*, 963 F.2d at 1260-61 (citation omitted).

16        Here, plaintiff failed to respond to the order directing her to file an amended complaint or

17  notice of voluntary dismissal.  *See* ECF No. 6.  Therefore, the public interest in expeditious

18  resolution of litigation, the court's need to manage its docket, and the risk of prejudice to the

19  defendant all support imposition of the sanction of dismissal.  Lastly, my warning to plaintiff that

20  failure to obey court orders will result in dismissal satisfies the "considerations of the

21  alternatives" requirement.  *Ferdik*, 963 F.2d at 1262; *Malone*, 833 at 132-33; *Henderson*, 779

22  F.2d at 1424.  The April 28, 2025 order expressly warned plaintiff that her failure to comply with

23  court orders would result in dismissal.  ECF No. 6.  Plaintiff had adequate warning that dismissal

24  could result from her noncompliance.  I therefore find that the balance of factors weighs in favor

25  of dismissal.

26        Accordingly, it is hereby RECOMMENDED that:

27        1.  This action be dismissed without prejudice for failure to prosecute, failure to comply

28  with court orders, and failure to state a claim for the reasons set forth in the court's April 28, 2025

2

1    order.  *See* ECF No. 6.

2         2.  The Clerk of Court be directed to close the case.

3         These findings and recommendations are submitted to the United States District Judge

4    assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days of

5    service of these findings and recommendations, any party may file written objections with the

6    court and serve a copy on all parties.  Any such document should be captioned "Objections to

7    Magistrate Judge's Findings and Recommendations," and any response shall be served and filed

8    within fourteen days of service of the objections.  The parties are advised that failure to file

9    objections within the specified time may waive the right to appeal the District Court's order.  *See*

10   *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir.

11   1991).

12

13   IT IS SO ORDERED.

14
     Dated:    June 2, 2025                              _____
15                                                       JEREMY D. PETERSON
                                                         UNITED STATES MAGISTRATE JUDGE
16

17

18

19

20

21

22

23

24

25

26

27

28