UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SORAYA MARIA RIGOR,<br><br>Plaintiff,<br><br>v.<br><br>DALE CARLSEN, *et al.*<br><br>Defendants. | Case No.  2:23-cv-0774-DC-JDP (PS)<br><br>FINDINGS AND RECOMMENDATIONS |

Soraya Maria Rigor brings this action against thirty-eight named defendants and an indeterminate number of "Doe" defendants. ECF No. 11 at 3-7. The complaint is deficient in numerous ways, not least of which in its failure to contain a short and plain statement of the claims against each of the named defendants. Accordingly, I now recommend this action be dismissed without leave to amend.

**Screening and Pleading Requirements**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

A complaint must contain a short and plain statement that plaintiff is entitled to relief,

Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

Plaintiff appears to allege that she and other students created "digital assets," to which they believed they retained intellectual property rights. ECF No. 11 at 8. She alleges that the Carlsen Center at California State University, Sacramento ("CSU"), exerted control over her assets, and those of other students, thereby depriving them royalties. *Id.* at 10-11. As an initial matter, plaintiff cannot bring claims on behalf of others as a *pro se* litigant. *See Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008). And, as to plaintiff's own rights, her complaint fails to put each defendant on notice of the claims against him or her. The complaint is completely silent as to many of the named defendants, who include, among others, various limited liability corporations, chief executive officers, and Governor Gavin Newsom. ECF No. 11 at 4-7.

And, as to the Carlsen Center and defendants associated with CSU, plaintiff's allegations

appear frivolous. Plaintiff vaguely alleges that Dale Carlsen "deprived me of the benefits of original authorship of the plans for an anchor university type business model." *Id.* at 22. She claims that she designed a business model called "Make Your Campus Matter" that was designed to get CSU out of "financial ruin" and that Dale Carlsen and the Carlsen Center effectively obtained this model by way of predatory fine print that she was made to sign. *Id.* at 23. The complaint confers no sense of the specifics of the business model. Plaintiff has attached a declaration containing roughly one-hundred and fifty pages of news articles, course documents, and a copyright certificate of registration for a work entitled "PR PLAN for Solar Panels at a non-profit called, Mercy Pedlars." ECF No. 11-1 at 61. The fundamental deficiency in the declaration is the same one that permeates the complaint: it is a scattered collection of labels and phrases that never amounts to even one discernible claim. For instance, plaintiff alleges at one point that she was subject to "defamation," ECF No. 11 at 25, at another, that defendants committed wire fraud, and elsewhere that defendant Robert Nelsen intentionally discriminated, in some unspecified way against students based on their gender and sexuality, *id.* at 26. Frankly, the complaint is substantively unintelligible and, although *pro se* litigants are entitled to substantial leniency with regard to pleading standards, courts are not obligated to construct viable claims where none have been presented. Dismissal is appropriate where, as here, the complaint "is so verbose, confused and redundant that its true substance, if any, is well disguised." C*orcoran v. Yorty*, 347 F.2d 222, 223 (9th Cir. 1965).

Plaintiff has already been afforded one opportunity to amend, and the amended complaint is no better than its predecessor. Accordingly, I conclude that this action should be dismissed without leave to amend, because amendment would be futile. *See DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (futility of amendment is reason to deny leave to amend).

Accordingly, it is RECOMMENDED that plaintiff's first amended complaint, ECF No. 11, be DISMISSED without leave to amend for failure to state a cognizable claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of

1  service of these findings and recommendations, any party may file written objections with the
2  court and serve a copy on all parties.  Any such document should be captioned "Objections to
3  Magistrate Judge's Findings and Recommendations," and any response shall be served and filed
4  within fourteen days of service of the objections.  The parties are advised that failure to file
5  objections within the specified time may waive the right to appeal the District Court's order.  *See*
6  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir.
7  1991).

IT IS SO ORDERED.

Dated:     January 6, 2026                                 /s/ Jeremy Peterson
                                                           JEREMY D. PETERSON
                                                           UNITED STATES MAGISTRATE JUDGE

4